KILE & MORGAN CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 30733, 37946. Promulgated November 8, 1929.

*Percy W. Gardner, Esq.*, for the petitioner.
*H. LeRoy Jones, Esq.*, for the respondent.

OPINION.

TRAMMELL: The sole issue for decision here is whether the petitioner, a corporation organized under the laws of Rhode Island, and the Kiboling Co., a Rhode Island Trust, were affiliated during the taxable years and period involved, within the meaning of section 240 (c) of the Revenue Acts of 1924 and 1926, which reads in material part as follows:

For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests.

No issue is raised with respect to whether the Kiboling Co. is properly taxable as a corporation. However, the parties have stipulated that it has been so taxed under the Federal statutes for each year since its organization to and including the year 1923. Since the question has not been raised, we will not give further consideration to this point.

The petitioner contends that at least 95 per centum of its voting stock and a like percentage of the Kiboling Co.'s stock were owned " by the same interests," and that hence they should be deemed to be affiliated within the meaning of the statute above quoted.

Without detailed consideration of what constitutes " the same interests," an analysis of the stock ownership of these companies fails to convince us that the petitioner's position is tenable.

Kile owned 667 shares or 66.7 per cent of the voting stock of the Kile & Morgan Co. Alling owned 328 shares, or 32.8 per cent of the stock of the same company, and M. G. Atkin, the bookkeeper, held 5 qualifying shares. Thus Kile and Alling owned a total of 99.5 per cent of the voting stock of the Kile & Morgan Co.

Of the voting stock, or shares of beneficial interest, of the Kiboling Co., Kile owned 81.94 per cent, Alling 9.55 per cent, Boston, the brother-in-law of Kile, owned 7.56 per cent and Mrs. Boston, the sister of Kile, owned .94 per cent. Atkin owned no stock of the Kiboling Co. and neither Boston nor his wife owned any stock of the Kile & Morgan Co.

Even if, as is contended by the petitioner, we should hold that Kile and his sister, Mrs. Boston, and her husband, are " the same interests," we find that they owned in the aggregate 90.45 per cent of the voting stock of the Kiboling Company and 66.7 per cent of the stock of the Kile & Morgan Co., which is less than the 95 per cent required by the statute. If we consider Kile and Alling as constituting " the

same interests," they owned in the aggregate 99.5 per cent of the voting stock of the Kile & Morgan Co., but only 91.49 per cent of the Kiboling Company. However, since the Bostons owned no stock of the Kile & Morgan Co. and had no interest therein, they can not be regarded as constituting " the same interests," with Kile and Alling, who owned substantially all the stock of the latter company.

In no event, therefore, can it be said that at least 95 per cent of the voting stock of the two companies was owned by the same interests. Accordingly, it is our opinion that the petitioner has failed to show that it is affiliated with the Kiboling Co. within the purview of the statute.

In this connection the attitude of the courts on the question of diversity of interests as affecting affiliation may be noted. In *Montana Mercantile Co.* v. *Rasmusson*, 28 Fed. (2d) 916, the court in its opinion said:

Moreover, the object of the statute is taxes proportionate to income and equality between taxpayers, to accomplish which the actual or ultimate taxpayer is ascertained by looking quite through the corporate entities. And in the course thereof, if it be found that the gains and losses of several corporations accrue to or fall upon substantially the same shareholders, taxpayers, the accounts of the corporations are balanced between themselves, to ascertain the actual gains to the common owners and upon which they should pay taxes.

In brief, the benefits of the statute extend to those subject to the hazards of the enterprise, and only when they are substantially one and the same.

This is not the present case. If Montana lost a million, and Western gained a million, it would be unjust to acquit the 5% per cent. Western shareholders, without interest in Montana, of taxes on Western profits, because of Montana losses, which fall not upon them. Yet that is the principle for which plaintiffs contend. It has no basis in the statutes.

Again, the reasons for the rule are set forth by the court in its opinion in *Commissioner* v. *Adolph Hirsch & Co.*, 30 Fed. (2d) 645, as follows:

Stockholders of two or more corporations, if the same persons, and their holdings in different corporations are in the same proportions, bear the ultimate burden of taxes equally and equitably, regardless of whether it rests primarily upon one or the other of the affiliated corporations, if only such corporations be deemed affiliated, but it is where the proportions of the stockholders are different that inequities result.

In the instant case, Alling owned less than 10 per cent of the stock of the Kiboling Co. and owned approximately one-third of the stock of the Kile & Morgan Co. Obviously, it would be inequitable to relieve him of the ultimate burden of taxation on profits of the Kile & Morgan Co. by offsetting against the gains of that company the losses of the Kiboling Co. And should the Bostons be required to bear any portion of the taxes on profits of the Kile & Morgan Co. in which they owned not one share of stock.

For the reasons indicated, the determination of the respondent is approved.

Reviewed by the Board.

*Judgment will be entered for the respondent.*